I respectfully dissent. The trial judge has defied the statute, which requires only that the minor prove either that "the petitioner is sufficiently mature and well enough informed to make the abortion decision on her own" or that "performance of the abortion would be in the best interest of the minor." § 26-21-4(f)(1) and (2), Ala. Code 1975.
The uncontradicted evidence in the record proves the facts summarized in the minor's petition for review:
 "[The minor] is sufficiently mature and well-enough informed to make the abortion decision without the consent of her parents. [The minor] is 16 years old and, at the time of the trial court's hearing, was 10 1/2 weeks pregnant. [The minor] will be a senior in high school beginning in August 2001. Last year, [she] maintained a 4.16 GPA. [The minor] is a member of several academic honor clubs and is participating in [a program for outstanding students] the People to People Program in London this summer. [She] has two jobs, one for which she is a volunteer [sports] instructor, the other for which she is a babysitter. [The minor] saves her earnings in a bank account and will use some for her [a] trip. [She] plans to graduate high school and attend a selective university such as University of Chicago or Vanderbilt. . . .
 "[The minor] took [a] home pregnancy test and then went for pregnancy testing at The Pregnancy Test Center. She spoke with a counselor at The Pregnancy Test Center, a pro-life organization. [The minor] sought the advice concerning the abortion procedure and its effects on the body from her own pediatrician of 16 years. [She] attempted to speak with physicians at three different abortion clinics, but through no fault of her own was not allowed. [The minor] testified that she had considered alternatives *Page 1280 
to abortion such as raising her child and putting her child up for adoption, but ruled those out as options for herself.
 "[The minor] testified about how an abortion would be performed. She stated that she knows there are risks, both physically and emotionally, of abortion and is willing to accept the risks. [She] testified she would probably be accompanied to the proceeding by her older sister, who would stay with her after the procedure. [The minor] stated she would seek medical help if complications arise as a result of the procedure. After weighing her alternatives and considering the risks, [the minor] testified that she still chooses to pursue an abortion.
". . . .
 "[The minor] testified that her parents are opposed to abortion. If the parental consent waiver is ultimately denied, [the minor] plans to have and raise a child. [She] stated that she is not emotionally or financially ready to raise a child. Further, she testified that she has plans for higher education and plans for a future career. [The minor] also stated that she is not prepared for the stigma of being an unwed teenage mother."
After a hearing the trial judge entered a written order. I will quote it but will number the paragraphs for reference:
 "[1] The Court finds that the minor is not mature and well-enough informed to make a decision about abortion without the consent of a parent. The minor's parents, both physicians are uniquely equipped to advise her in this life crisis. The minor's testimony describes a functional family that is a viable social unit.
 "[2] Neither the minor's testimony nor her carriage, demeanor or deportment satisfied this court's inquiry into her maturity. Further she lacks the seasoning and life experience necessary to make a knowing and informed decision that this life crisis dictates.
 "[3] Further this court finds that it is this court's duty to protect minors from the harmful consequences of their immaturity. Twelve and one third years of experience as a trial judge guides this court to find that a mere recital of grades and activities do not equal the level of maturity and orientation the legislature intended in enacting the parental consent statute.
 "[4] This minor is woefully uninformed. Her testimony included a cursory recitation of the alternatives to abortion and her quick dismissal of those alternatives. The minor had a brief conversation with her pediatrician and the pediatrician expressed concern for the minor's health. The Court finds that this is the only professional advice the minor received.
 "[5] Further, this minor was denied an opportunity to discuss the abortion procedure with abortion nurses or abortion doctors. Their refusal to provide the minor with information about abortion compels this court to find that this immature minor is lacking the ability to make a fully informed choice that considers the immediate and long range consequences of abortion.
 "[6] The Court finds that a criminal defendant in this country is afforded (under the Miranda decision) greater protection than this minor would have under these circumstances if this waiver were granted.
 "[7] Therefore it is the finding of this court that the minor is not mature *Page 1281 
and well enough informed to intelligently decide to have an abortion without parental consent and that under the proposed circumstances and conditions abortion is not in the best interests of the minor."
The findings of the trial judge in paragraph 1 of her order about the merits of the minor's parents and her family unit implicitly add elements for proof by the minor not contained in the statute. The express purpose of § 26-21-4, Ala. Code 1975, is to allow the minor to bypass her parents, regardless of their merits. The statute does not require the minor to prove any facts adverse to the parents in order to bypass them. Likewise, the statute does not require the minor to disprove her parents' merits. The trial judge's addition of these elements of proof is judicial legislation, which violates Art. III, § 43 of the Alabama Constitution of 1901.
The trial judge's finding in paragraph 2 of her order that the minor "lacks the seasoning and life experience necessary to make a knowing and informed decision" defies the very purpose of § 26-21-4, which is to allow minors, who by definition lack seasoning and life experience, to obtain the waiver of the requirement of parental consent. The finding of the trial judge in paragraph 3 that "it is this court's duty to protect minors from the harmful consequences of their immaturity" is immaterial to this case. The only harmful consequence of this minor's immaturity supported by the record is her pregnancy itself, which is the very condition § 26-21-4 is intended to ameliorate.
The trial judge's finding in paragraph 4 that "[t]his minor is woefully uninformed," defies the record. This minor is informed on every topic the Alabama appellate courts have found material. Allowing a trial judge to require even more knowledge allows the trial judge arbitrarily to deny every petition inasmuch as every person, no matter how learned, can always know more.
In paragraph 5 of her order, the trial judge illegally adds to the statute the requirement that the minor prove that she has discussed the abortion procedure with abortion nurses or doctors. This addition is another violation of Art. III, § 43 of the Alabama Constitution of 1901.
In paragraph 6 of her order, the trial judge confuses this minor's petition for her own relief with a criminal prosecution against the minor. In this paragraph, the trial judge finds that granting the relief would deprive the minor of her Miranda rights. Which ones? Her right to counsel? Her right not to testify against herself? Her right to stop testifying and to demand counsel at anytime? In truth, this "finding" is absurd rhetoric which reveals a bias against the relief sought by the petition. This same trial judge has exhibited this same bias in at least one other case. See my dissent in Ex parte Anonymous,803 So.2d 542 (Ala. 2001). and the dissent of Presiding Judge Yates in In the Matter of Anonymous, 803 So.2d 529 (Ala.Civ.App. 2001).
Even the ore tenus rule applied by this Court and the Court of Civil Appeals does not save the trial judge's decision in this case. It is plainly erroneous and manifestly unjust. The ore tenus rule itself requires reversal of such a decision. Noland Co. v. Southern Dev. Co.,445 So.2d 266, 268 (Ala. 1984). Moreover, the ore tenus rule is improperly applied in this case. See my dissent in Ex parte Anonymous,supra, 803 So.2d at 560 (Ala. 2001). The de novo standard of review should apply. Id. Judged de novo, this minor's evidence is as compelling as *Page 1282 
the evidence in all of our precedents for reversing a trial judge's denial of relief.
"Constitutional rights do not mature and come into being magically only when one attains the state-defined age of majority. Minors, as well as adults, are protected by the Constitution and possess constitutional rights." Planned Parenthood of Central Missouri v. Danforth,428 U.S. 52, 74 (1976). "Any independent interest the parent may have in the termination of the minor daughter's pregnancy is no more weighty than the right of privacy of the competent minor mature enough to have become pregnant." Danforth, 428 U.S. at 75. "The abortion decision differs in important ways from other decisions that may be made during minority. The need to preserve the constitutional right and the unique nature of the abortion decision, especially when made by a minor, require a State to act with particular sensitivity when it legislates to foster parental involvement in this matter." Bellotti v. Baird, 443 U.S. 622, 642
(1979).
 "[T]he potentially severe detriment facing a pregnant woman . . . is not mitigated by her minority. Indeed, considering her probable education, employment skills, financial resources, and emotional maturity, unwanted motherhood may be exceptionally burdensome for a minor. In addition, the fact of having a child brings with it adult legal responsibility, for parenthood, like attainment of the age of majority, is one of the traditional criteria for the termination of the legal disabilities of minority. In sum, there are few situations in which denying a minor the right to make an important decision will have consequences so grave and indelible."
Bellotti, 443 U.S. at 642 (citation omitted).
The statute itself is disingenuous. It merely feigns concern for the minor with the obvious purpose of impeding abortions in general. This subterfuge is apparent from the statutory absurdity that the more immature and uninformed a girl is, the more she may be relegated to bearing a baby. § 26-21-4(f)(1), Ala. Code 1975. Even the statute, however, does not license the courts to strain out a gnat and swallow a camel. The courts should not preoccupy themselves with the speculative, make-weight possibility that an abortion might harm the minor and ignore the certainty that the denial of an abortion will harm the minor grievously and permanently.